IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PIERRE T. BASHALE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-05-0414-S-LRS |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| BOISE PUBLIC LIBRARY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether it is subject to summary dismissal under 28 U.S.C. § 1915 (e)(2). Plaintiff also filed an Application to Proceed *in Forma Pauperis* (Docket No. 1). Having reviewed the Complaint in this action, the Court has determined that the Complaint sets forth legally frivolous claims and on that basis, the Complaint will be dismissed. Based on the dismissal of the Complaint, the request for indigent filing status is moot.

## BACKGROUND

The Court is required to review prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is

**ORDER  1**

frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff names the staff members of the Boise City Public Library as potential Defendants in the action. He alleges that he was asked to leave the library and is being denied the use of the public facility. He claims that he was approached in an "unwelcome way" after he used a copy machine in the library. *Complaint, Docket No. 3*, p. 3. Later in the Complaint, Plaintiff contradicts his assertion that he is being denied access to the library and admits that he still has access to it. He appears to be alleging that he was verbally threatened for failing to pay the copying fees. He also states that he was physically attacked. *Id.*, p. 4.

Plaintiff claims that he wrote a letter to the library director and contacted the Boise City police about the incident. He claims that the incident may have occurred because he is a black African and speaks with an accent. *Complaint*,

**ORDER  2**

p. 4. He previously sued the staff at the Boise Public Library in July of 2002, and the case was dismissed for failure to state claims upon which relief could be granted. *See CV02-315-S-EJL*. The Court is also aware that Plaintiff has filed sixteen lawsuits in this Court, and that twelve of them have been dismissed for failure to state cognizable constitutional claims. *See CV00-695-S-EJL; CV01-242-S-BLW; CV01-243-S-MHW; CV01-248-S-LMB; CV01-359-S-MHW; CV01-360-S-MHW; CV02-315-S-EJL; CV02-316-S-EJL; CV02-317-S-BLW; CV02-318-S-LMB; CV01-148-S-BLW; CV01-446-S-MHW.*

## APPLICABLE LEGAL STANDARDS

In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

In other words, a complaint must allege in specific terms the following: (1) factual allegations showing that a constitutional right has been violated; (2) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights; (3) the dates on which the conduct of each

**ORDER  3**

defendant allegedly took place, and (4) the specific conduct or action Plaintiff alleges is unconstitutional.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980); *Taylor v. List*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has failed to link any specific library staff members to the alleged civil rights violations, and it is unclear exactly how the alleged Defendants violated his civil rights.  Plaintiff contradicts the allegations that he was denied access to the library based on his national origin, and therefore, it appears that he is only challenging the copying costs for the library copier.  This allegation fails to state a cognizable constitutional claim.

Plaintiff is further advised that verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *Freeman v. Arpaio*, 125 F.3d 732 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic

**ORDER  4**

background not actionable); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (use of derogatory racial epithets does not violate Fourteenth Amendment). Therefore, to the extent Plaintiff is alleging that he was verbally attacked, the allegations fails to state a cognizable constitutional claim.

Based on the foregoing, the Complaint is subject to dismissal without prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B).

### IN FORMA PAUPERIS APPLICATION

Based on the dismissal of the Complaint, Plaintiff's request for indigent filing status is moot.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Complaint is subject to dismissal without prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B).

IT IS FURTHER HEREBY ORDERED that based on the dismissal of the Complaint, the Motion to Proceed *in Forma Pauperis* (Docket No. 1) is MOOT.

DATED: **November 21, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  5**